SARAH JOHNSON, petitioner for review of action, ALFRED F. JOHNSON, admr. *vs.* CHARLES S. JOHNSON.

Kennebec.   Opinion January 10, 1889.

*Review.   Party in interest.   Residuary legatee.   R. S., c.* 89, § 1, *par.* 3.

A residuary legatee of a solvent testator is not such a party in interest in an action brought, by the executor, as to entitle him to petition for a review of the action under R. S., c. 89, § 1, par. 3.

REPORT on facts agreed. The case was to stand for further hearing, if on the evidence the court should hold the petitioner was such a party in interest, as is entitled to maintain the petition; otherwise the petition was to be dismissed.

*Beane and Beane*, for petitioner.

The real estate and the larger part of the personal property went to the petitioner as residuary legatee, under the will of her husband.

Practically, she is in the position of a party, whose rights and property have been passed upon and determined in court, without any hearing in fact, and without notice or opportunity to be heard.

The title to the real estate vested in her at the testator's death. *Wright* v. *Williamson*, 67 Maine, 524; *Kimball* v. *Sumner*, 62 Id. 305; *Heald* v. *Heald*, 5 Id. 387.

The administrator held the personal property in trust for her, and the right of property was in her. Its disposition pecuniarily affected her alone. She was the only party interested. The administrator was only a representative party. Her rights and property were affected and determined by the judgment sought to be reviewed, and not his. Redf. Wills, 3d ed. 130, 131; *Dalton* v. *Dalton*, 51 Maine, 170; *Shirley* v. *Healds*, 34 N. H. 407; *Lawrence* v. *Wright*, 23 Pick. 128; *Wiggin* v. *Swett*, 6 Met. 197; *Fuller* v. *Storer*, 111 Mass. 281.

It is not necessary, that her ownership or interest be absolute and exclusive, to be entitled to this remedial relief. *Nowell* v. *Sanborn*, 44 Maine, 80.

The objections in *Elwell* v. *Sylvester*, 27 Maine, 536, do not apply here. The court there say, "the writ of review must be sued out by a party to the former suit, or by one representing the interest of a party." Nor does *Taylor* v. *Sewall*, 69 Maine, 148, apply to the case at bar. There, the petitioner was not a party to the judgment, nor did he represent any interest of such party.

The language of the statute is general. A party in interest is any party having a pecuniary interest, and comes within its provisions. *Douglass* v. *Gardiner*, 63 Maine, 462.

Granting reviews is within the discretionary power of the court. *Sherman* v. *Ward*, 73 Maine, 29; *Berry* v. *Titus*, 76 Ib. 285.

Counsel also cited *Gooding* v. *Baker*, 60 Maine, 52.

*H. Hudson*, for defendant.

To the rights and powers of executors and administrators, counsel cited: Schoul. Exc. and Admr., §§ 269, 276, 277, 288; *McLean* v. *Weeks*, 63 Maine, 418; *Lawrence* v. *Wright*, 23 Pick. 129; *Dalton* v. *Dalton*, 51 Maine, 172; *Hutchins* v. *State Bank*, 12 Met. 425; *Carter* v. *Bank*, 71 Maine, 450; *Carlisle* v. *Burley*, 3 Id. 250; *Bird* v. *Keller*, 77 Id. 270, 275; *Chase* v. *Bradley*, 51 Id. 538; *Lee* v. *Chase*, 58 Id. 435; *Snow* v. *Snow*, 49 Id. 165; *Pulsifer* v. *Waterman*, 73 Id. 233; *Reed* v. *Reed*, 75 Id. 264; *Frost* v. *Libby*, 79 Id. 60.

The statute (R. S., c. 89, § 1, par. 3) invoked by petitioner reads: "on petition of a party in interest, who was not a party to the record." This means the same as the original enactment in 1859, c. 94, § 3. The petitioner therefore cannot prevail because she did not prosecute the action here sought to be reviewed.

EMERY, J. The original action, of which a review is here sought, was brought by an administrator *cum testamento annexo*, against an alleged debtor to the estate. The petitioner is the residuary legatee under the will. The estate is sufficient to pay all debts and legacies, and leave a balance for the residuary legatee. The original action not having resulted so favorably for the estate, as the residuary legatee thinks it should, and, being directly interested in the result, she now petitions for leave to review the action. She bases her petition on the third paragraph of § 1, c. 89, R. S., and claims that upon the foregoing facts, she is "a party in interest, who was not a party to the record."

There is no doubt, she is directly interested in the suit, but it does not follow that she is "a party in interest," in the legal sense of that phrase. There are many familiar cases where "the party to the record," has no interest in the suit—is a mere nominal party, and some other person is the real party—the party in interest. An action by an assignee of a claim in the name of the assignor, is a familiar instance. He, who owns the claim, either by a legal or equitable title, is the party in interest to an action upon the claim, and, as such, must answer over to the nominal party, for any damages or costs occasioned him thereby. So, in actions against a sheriff for the default of a deputy, the deputy is a party in interest, as he must answer over to the sheriff.

A residuary legatee has, as such, no title legal, or equitable, to any particular, specific item of the assets of the estate, nor is he, as such, personally liable over for any damages or costs incurred by the executor. Until distribution, except as to specific legacies, the title to all the assets, including choses in action, is in the executor. He alone can maintain actions at law for the recovery of assets. It is true, he is a representative party, but he is none the less the real party, the party in interest. The claim is his. The action is his. He controls it. Except so far as he is controlled by statute, he can dismiss the action and release the claim. *Chase* v. *Bradley*, 26 Maine, 531; *Dalton* v. *Dalton*, 51 Maine, 171; *Carter* v. *Bank*, 71 Maine, 448; *Frost* v. *Libby*, 79 Maine, 56.

If the action, in this case, were to be reviewed, the administrator *cum testamento annexo*, would be still the real party. The court would recognize him as such, and (assuming his good faith) would recognize his right to prosecute, or dismiss the action, at his discretion, he being accountable over to the petitioner in the probate court for the proper exercise of that discretion. It is evident, therefore, that not every one interested in an action, or affected by its result, can be admitted to review it. Only a party to an action should have leave to bring an action of review. He may be a party by record, or a party in interest, but he should be a party, having the care or responsibility of the action. This petitioner, though interested, is clearly not a party in interest, such as the statute contemplates.　　　　*Petition dismissed.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and FOSTER, JJ., concurred.